SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 21 2009
J. T. NOBLIN, CLERK
_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

NATIONAL BUILDERS AND CONTRACTORS
INSURANCE COMPANY, A RISK RETENTION GROUP        PLAINTIFF

VS.                                    CIVIL ACTION NO. 2:09cv217-KS-MTP

SLOCUM CONSTRUCTION, LLC,
ROBERT YOUNGBLOOD, INDIVIDUALLY
AND AS TRUSTEE ON BEHALF OF WALTER
EARL MCKENZIE, HIS BENEFICIARY,
ABC INDIVIDUALS AND XYZ ENTITIES                 DEFENDANTS

---

### COMPLAINT FOR DECLARATORY JUDGMENT

---

**COMES NOW,** the Plaintiff, NATIONAL BUILDERS AND CONTRACTORS INSURANCE COMPANY, A RISK RETENTION GROUP ("NBCI"), by and through its undersigned counsel, and files this, its Complaint for Declaratory Judgment, and in support hereof would show unto the Court the following, to wit:

### PARTIES

1.   NBCI is a foreign insurance corporation organized under the laws of the State of Nevada, with its principal place of business in Sarasota, Florida.

2.   Defendant, SLOCUM CONSTRUCTION, LLC, is a Mississippi Limited Liability Company, whose members, upon information and belief, are all resident citizens of the State of Mississippi, and who can be served process by and through its registered agent for service of process, Landy Slocum, at 760 Shiloh Firetower Road, Foxworth, Marion County, Mississippi.

3. Defendant, ROBERT YOUNGBLOOD, is an adult resident citizen of Harrison County, Mississippi, who is the duly appointed Trustee holding a certain part and parcel of real property for the use and benefit of Walter Earl McKenzie, as established by that instrument, attached hereto and incorporated herein by reference as **Exhibit "A"**.

4. ABC INDIVIDUALS and XYZ ENTITIES are individuals or entities whose identities are unknown or whose whereabouts are unascertainable, who, once their identities are make known, or their whereabouts are ascertainable, will be added by amendment, in accordance with Rule 15 of the Federal Rules of Civil Procedure.

5. The Defendants named herein have been named as party Defendants to this civil action so that any Order or Judgment rendered in this matter, as to the existence of coverage owed to Defendant, SLOCUM CONSTRUCTION, LLC, if any, by NBCI, will be binding upon all said Defendants under the theories of res judicata and/or collateral estoppel. Therefore, pursuant to *Coleman v. Mississippi Farm Bureau Ins. Co.*, 708 So. 2d 6 (Miss. 1998), all of said Defendants have been added as parties, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, as each one of the Defendants' presence is necessary and indispensible for complete and final adjudication of the issues presented herein.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 2201 in that this civil action involves a declaratory judgment. Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

6. Rule 57 of the Federal Rules of Civil Procedure provides that NBCI may seek a declaration from this Court as to the rights and obligations among and between the parties in relation to the NBCI Policy, including, but not limited to, whether NBCI has an obligation to provide a defense and/or coverage to Defendant, SLOCUM CONSTRUCTION, LLC, as to the claims made in the Counter-Complaint filed in the Chancery Court of Marion County, filed by Defendant, ROBERT YOUNGBLOOD, in his individual capacity and as trustee for and on behalf of WALTER EARL MCKENZIE, his beneficiary, entitled "Slocum Construction, LLC v. Robert Youngblood and Walter Earl McKenzie", bearing Cause No. 2008-0265-G-T on the docket of said court (hereinafter the "Counter-Complaint").

7. An actual controversy exists as between the parties.

## VENUE

8. Venue is proper in this Court, including, but not limited to, pursuant to 28 U.S.C. § 1391 in that one or more of the defendants, herein, resides in the Hattiesburg Division of the Southern District of Mississippi.

## FACTS

9. This matter arises from the construction residence dwelling by Slocum Construction, LLC (hereinafter "Slocum Construction"), on property owned by the Counter-Plaintiff, Robert Youngblood, as Trustee for the use and benefit of Walter Earl McKenzie, whose current whereabouts are unknown. *See* Counter-Complaint, a true and correct copy of which is attached hereto and is incorporated herein by reference as "**Exhibit B**", at ¶IV and VI. The Counter-Complaint alleges that Slocum Construction built a house on property owned by Mr. Youngblood, as Trustee for Mr. McKenzie,

without the knowledge or consent of either Mr. Youngblood or Mr. McKenzie. *See* "**Exhibit B**", at ¶VII and VIII.

10.  The Counter-Complaint further alleges that Slocum Construction, upon realizing that it had built the subject house on the wrong property, contacted Mr. Youngblood and informed him of same and requested to purchase the house from him. *See* "**Exhibit B**", at ¶VII. The Counter-Complaint further alleges that Slocum Construction knew the neighboring landowners and had an opportunity to search the title on the property upon which the subject house was built, and even had access to the identity and whereabouts of Mr. Youngblood, but failed to do so. *See* "**Exhibit B**", at ¶VIII. The Counter-Complaint claims that Slocum Construction willfully trespassed upon Mr. Youngblood's property held in trust for Mr. McKenzie, not only in the construction of the subject house, but in the rental of the subject house and the derivation of profits there from. *See* "**Exhibit B**", at ¶ IX. As a result, the underlying Counter-Plaintiffs, defendants here, are seeking damages in the Counter-Complaint for trespass, for declaratory judgment that Slocum Construction has willfully and unlawfully trespassed upon the property of Mr. Youngblood, for damages derived from such trespass, for injunctive relief enjoining Slocum Construction from entering onto said property, and, lastly, for "resulting damages" which are not discussed in the Counter-Complaint. *See* "**Exhibit B**", at *ad damndum*.

11.  Although not plead in the Counter-Complaint, from information supplied to us, there have been claims made by Mr. Youngblood, through his attorney, that stress caused by the above-referenced events have lead to one or two heart attacks, for which it appears have been incorporated into his claim. It appears that Mr. Youngblood suffered cardiac arrest on February 17, 2009 and suffered with complaints of chest pain on April

2, 2009. It appears that he was also previously hospitalized for some unknown illness from November 17, 2008 to December 5, 2008. *See* Gambrell letter of June 26, 2009, a true and correct copy of which is attached hereto and is incorporated herein by reference as **Exhibit "C"**.

12.     Upon being served the Counter-Complaint, Slocum Construction demanded coverage from NBCI under its policy of commercial general liability insurance owned by Slocum Construction, with policy effective dates being February 27, 2007 through August 9, 2009, being policy number GL289079607 (hereinafter "NBCI's Policy"). A true and correct copy of NBCI's Policy is attached hereto and is incorporated herein by reference as **Exhibit "D"**.

13.     In response to said demand for coverage, NBCI on September 25, 2008, issued a reservation of rights letter covering the demands for coverage for the Counter-Complaint. A true and correct copy of said First Reservation of Rights Letter is attached hereto and is incorporated herein by reference as **Exhibit "E"**. Further, NBCI updated its First Reservation of Rights with a Supplemental Reservation of Rights Letter on October 13, 2009. A true and correct copy of said First Reservation of Rights Letter is attached hereto and is incorporated herein by reference as **Exhibit "F"**.

### NBCI'S POLICY

14.     NBCI'S Policy provides as follows:

Part A of NBCI's Policy provides the following in its Insuring Agreement:

> a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured

against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages and "defense expenses" is limited as described in Section III - Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements and "defense expenses" under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property

    damage" during or after the policy period will be deemed to have been known prior to the policy period.

 c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

 d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

  (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

  (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

 e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*See* **Exhibit "D"**, Section 1—Coverages, Coverage A, Para. 1, Insuring Agreement, as modified by "Defense Expense" Included in the Limit of Insurance Endorsement.

15. Within the NBCI Policy, "bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. No emotional distress is covered except emotional distress caused by bodily injury." See **Exhibit "D"**, Section V. Definitions at ¶3.

16. Further, within the NBCI Policy, "property damage" is defined as being related to "tangible property." See **Exhibit "D"**, Section V. Definitions at ¶17. Specifically, NBCI's Policy defines "property damage" as

   a. Physical injury to tangible property other than "your work" or "your product", including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**Exhibit "D"**, Section V, Definitions at ¶17.

17. NBCI's Policy defines "your work" as,

   a. Means:

      (1) Work or operations performed by you or on your behalf; and

      (2) Materials, parts or equipment furnished in connection with such work or operations.

   b. Includes:

      (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      (2) The providing of or failure to provide warnings or instructions.

**Exhibit "D"**, Section V, Definitions at ¶22.

18. Furthermore, to the extent that the damages claimed by Youngblood on his own behalf, and on behalf of McKenzie, constitute damages because of "bodily injury" or "property damage", for coverage to lie, that injury or damage must be caused by an "occurrence" as that term is defined under the NBCI Policy. The NBCI Policy defines "occurrence" as follow:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**Exhibit "D"**, Section V, Definitions at ¶13.

19. In addition to the above, NBCI's Policy contains the following exclusions:

> This insurance does not apply to:
>
> a.   Expected Or Intended Injury
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**Exhibit "D"**, Section I, Coverage A- at ¶ 2. a.

> j.   Damage to Property
>
> "Property damage" to:
>
> (1)  Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
>
> (2)  Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damages To Premises Rented To You as described in Section III Limits of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".[1]

---

[1] The NBCI Policy defines "Products-completed operations hazard" as follows:

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**Exhibit "D"**, Section I, Coverage A, ¶ 2(j).

    m.    Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

---

    (1)    Products that are still in your physical possession; or

    (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        (a)    When all of the work called for in your contract has been completed.

        (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. ...

See NBCI Policy, Section V Definitions ¶ 16.

>> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**Exhibit "D"**, Section I, Coverage A, ¶ 2(m). Further, NBCI's Policy defines "impaired property" as:

>> 8. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:
>>
>>> a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>>>
>>> b. You have failed to fulfill the terms of a contract or agreement;
>>
>> If such property can be restored to use by:
>>
>>> a. The repair, replacement, adjustment or removal of "your product" or "your work"; or
>>>
>>> b. Your fulfilling the terms of the contract or agreement.

**Exhibit "D"**, Section V, Definition (8).

20. Part B to NBCI's policy also provides the following, in addition to the coverage provided under Part A:

> 1. Insuring Agreement
>
>> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against

any "suit" seeking those damages. However, we will have no duty to defend the insured against ant "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle ant claim or "suit" that may result. But:

(1) The amount we will pay for damages and "defense expenses" is limited as described in Section III - Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements and "defense expenses" under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

21. **Exhibit "D"**, at Section I Coverage B, Personal and Advertising Injury Liability, as modified by the "Defense Expense" Included in the Limit of Insurance Endorsement.

22. The NBCI Policy defines "personal and advertising injury" as follows:

Injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premise that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f.    The use of another's advertising idea in your "advertisement"; or

    g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**Exhibit "D"**, Section V, at Paragraph 14.

### SOLE COUNT – DECLARATORY JUDGMENT: NBCI'S POLICY

23. NBCI incorporates the above allegations herein by reference, and would further show as follows:

24. The terms, conditions, exclusions and endorsements of NBCI's Policy are clear and unambiguous.

25. NBCI's Policy does not provide coverage for the claims, demands and damages alleged and sought by Defendant, ROBERT YOUNGBLOOD, against Defendant, SLOCUM CONSTRUCTION, in the Counter-Complaint.

**WHEREFORE, PREMISES CONSIDERED**, NBCI prays that this Court:

A. Declare that the terms and conditions of the NBCI Policy, relieve it of any duty which otherwise exists to provide liability coverage, including a duty of defense and/or indemnification, for Defendant, SLOCUM CONSTRUCTION for any and all

claims arising out of the Counter-Complaint filed by Defendant, ROBERT YOUNGBLOOD; and

B. Enjoin each and every one of these Defendants from either initiating or prosecuting a suit or any other action, including any post-judgment remedial action or garnishment against NBCI, or one another, until such time as this Court declares the rights and duties of the parties requested above; and

C. Advance this cause on the Court's calendar as authorized by Federal Rule of Civil Procedure 57; and

D. Grant NBCI such other general relief as this Court deems appropriate.

**FURTHERMORE**, NBCI prays that this Complaint for Declaratory Relief be received and that the declaratory relief be entered on each of the issues set forth above.

**RESPECTFULLY SUBMITTED** on this the 20 day of October, 2009.

　　　　　　　　　　　　　　　　**NATIONAL BUILDERS AND CONTRACTORS INSURANCE COMPANY, A RISK RETENTION GROUP**

　　　　　　　　　　　　　　　　By:   /s/ Clyde X. Copeland, III
　　　　　　　　　　　　　　　　　　　CLYDE X. COPELAND, III
　　　　　　　　　　　　　　　　　　　JOHN S. GRAHAM

OF COUNSEL:

CLYDE X. COPELAND, III, (MSB# 10322)
JOHN S. GRAHAM (MSB#100364)
HARRIS, JERNIGAN & GENO
587 Highland Colony Pkwy.
P.O. Box 3380
Ridgeland, Mississippi 39158-3380
Telephone: (601) 427-0048
Facsimile: (601) 427-0050